IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| | * | |
| v. | * | Criminal Action No. |
| | * | |
| BRUCE SCOTT DAVIS, | * | 1:16-CR-00133-ELR-JKL |
| Defendant. | * | |
| | * | |

# ORDER

This matter is before the Court for consideration of the Report and Recommendation ("R&R") [Doc.114] of Magistrate Judge John K. Larkins, III that Defendant's Motion to Suppress [Doc. 102] and Motion to Dismiss the Indictment [Doc. 103] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 117]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## I. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

Defendant's objections to the R&R are based on his contention that the Magistrate Judge erred by: (1) misinterpreting the jury's verdict with respect to whether Defendant possessed the substance, AB-Fubinaca, particularly, whether the

2

jury's verdict acquitted him of such possession; (2) finding that the Government did not unreasonably delay in bringing new charges against him; and (3) determining that the Government was restricted from extracting additional data from device s that had been seized pursuant to a search warrant that was signed and executed more than three years earlier. Additionally, Defendant raises what he terms, "Factual Errors" in the Magistrate Judge's R&R.[1]

## III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly the Court **OVERRULES** Defendant's Objections [Doc. 117] and **ADOPTS** the R&R [Doc. 114] as the Opinion and Order of this Court and **DENIES** Defendant's Motion to Suppress Evidence [Doc. 102].

---

[1] Although the Court finds, and Defendant does not dispute that resolution of the so-called "factual errors" would not change its analysis, the Court does disagree with Defendant's characterization of the trial testimony here. In one point, Defendant says a witness changed his testimony during cross examination regarding whether Defendant admitted to knowing his products contained illegal substances. As the Court interprets the witness's cross examination testimony, he only clarifies that his notes reflect that Defendant stated that his products did contain legal substances without retracting or otherwise changing his statement related to whether the products also contained illegal substances. (See Trial Transcript "Tr." At 327.) In another point, Defendant argues that a second witness "refutes" that Defendant ever admitted to intentionally selling anything illegal. However, what the witness actually stated during questioning is that she did not recall Defendant ever explicitly saying that he sold a product knowing it contained an illegal substance. (Tr. 373).

3

Defendant is scheduled for trial, beginning August 20, 2018 [Doc. 118].

**SO ORDERED**, this 3rd day of May, 2018.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia